| DISTRICT COURT, EL PASO COUNTY, COLORADO | |
|---|---|
| Court Address:      Post Office Box 2980<br>                          Colorado Springs, CO  80901 | EFILED Document<br>CO El Paso County District Court 4th JD<br>Filing Date: Aug 1 2011  4:37PM MDT<br>Filing ID: 39030579<br>Review Clerk: Teresta Jones |
| **Plaintiff:** | |
| Estate of Marcucci, by and through its personal representative,<br>William Silvi and William Silvi individually | |
| v. | **▲ COURT USE ONLY ▲** |
| **Defendant:** Combined Insurance Company of America | Case Number:  11CV3195<br><br>Div.: 15          Ctrm:  S403 |
| **ORDER DENYING MOTION TO QUASH AND MOTION  FOR DEFAULT JUDGMENT** | |

This matter came before the Court pursuant to Plaintiff's Motion for Default Judgment. Defendant has filed a Motion to Quash Service of Process and Motion to Set Aside Entry of Purported Default.  The Court has reviewed the Motions, Responses and Replies.

The Affidavit of Service in this case indicates that a copy of the Summons and Complaint was left with Emily Barnhard, the registered agent for Defendant.  The affidavit of Emily Barnhard indicates that a process server did attempt to serve her with process but that the document was rejected because it "did not contain the entity name Combined Insurance Company or any other entity that we service on the document."  Ms. Barnhard states the process server did not leave any documents with her to forward to anyone.  Given that Ms. Barnhard rejected the service and Defendant does not have any documentation indicating that Defendant was improperly named, the Court finds that Plaintiff has sustained its burden of proof in this case that service was obtained.  In essence, Defendant has not presented any document showing the names or designations of the parties on the documents tendered to its registered agent were improper.  While the affidavit of Emily Barnhard reflects that the document did not contain the entity name Combined Insurance Company or any other entity they service, the affidavit does not indicate what name was on the documents that were attempted to be served.  The better practice for the registered agent would have been to indicate that it was rejecting service but request a copy of the documents to substantiate that service was, in fact, improper.

In contrast, the affidavit of Tad Howard indicates that he did, in fact, serve the document on C.T. Corporation and the circumstances under which he did so.  The Summons which was filed in this case on May 20, 2011 contains the name of the Defendant.  This is the same name that was on the Affidavit of Service completed by Mr. Howard on May 31, 2011 reflecting service on  May 26, 2011.  The Court resolves the factual issue in this case against the Defendant and finds that service was proper.  The Motion to Quash Service is DENIED.   Under the circumstances, Defendant is ORDERED to file an Answer within 20 days from the date of this Order.



Exhibit 14

Plaintiff requests default enter in this case.  However, Plaintiff's Motion for Default Judgment was filed on June 29, 2011.  Counsel for Defendant entered a limited appearance on July 6, 2011 and filed a Response to the Motion for Default Judgment on July 8, 2011.  No default or default judgment has yet entered.  An entry of default judgment is not appropriate when a responsive pleading is filed after the time limits required by C.R.C.P. 55 have elapsed but before a ruling has been issued.  Reeves v. Colo. Dep't. of Corr., 155 P.3d 648 (Colo. App. 2007).  As such, Plaintiffs' Motion for Entry of Default is DENIED.

Done this 1st   day of August, 2011.


Gregory R. Werner
District Court Judge